[No. D023016. Fourth Dist., Div. One. Aug. 26, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
PORFIRIO SANCHEZ PEREZ, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, III, IV, V and VI.

## COUNSEL

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Joyce N. Burnett, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**McINTYRE, J.**—A jury convicted Porfirio Sanchez Perez of attempted murder, shooting at an occupied motor vehicle, unlawful driving or taking of a vehicle, evading a peace officer with reckless driving, and possession of a firearm by a felon. In addition, the jury found true allegations that the offense of attempted murder was willful, deliberate and premeditated, and that Perez personally used a firearm in the commission of these offenses.

The court found Perez had suffered two prior serious felony convictions and had served two prior prison terms. The court declined to strike any of Perez's prior convictions, concluding it did not have such authority, and indicated it would not strike them even if it could. Accordingly, the court sentenced Perez to prison for a term of 42 years to life, consisting of 25 years to life for attempted murder under the "three strikes" legislation, plus enhancements for using a firearm, 2 prior serious felony convictions, and 2 prior prison terms.

In the published portion of this opinion we address Perez's contention that the court erred in denying his motion under *People* v. *Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748], by finding he had not

established a prima facie case of group bias after the prosecutor had excused two Hispanic jurors.

We conclude the court did not err in denying Perez's motion under *Wheeler* and did not err in sentencing Perez to a total of 42 years to life in prison, and affirm the judgment.

## FACTS

In May 1994, Perez was the passenger in a stolen Volkswagen Jetta involved in a high-speed chase with police. During the chase, many gun shots were fired from the Volkswagen at the pursuing patrol car. The vehicle eventually crashed into a parked car and the driver was ordered to get out with his hands up. At the same time, Perez got out of the passenger side, crouched down behind the car and then stood and raised his hands. After the driver was taken into custody, one of the police officers noticed a handgun underneath the Volkswagen and Perez was then taken into custody. Seven unexpended .38-caliber cartridges were found in Perez's right front pants pocket.

## DISCUSSION

## I

### *Jury Selection*

Perez contends the court erred in denying his motion under *People v. Wheeler, supra,* 22 Cal.3d at page 280, because the prosecution impermissibly used its peremptory challenges to excuse two Hispanic surnamed jurors. However, Perez waived the right to challenge the prosecutor's use of peremptory challenges because his *Wheeler* motion was untimely. Furthermore, Perez failed to make a prima facie showing that the jurors were dismissed because of an impermissible group bias.

During voir dire, the prosecutor excused two Hispanic surnamed jurors. The first, Elizabeth C., was single and the office administrator of a counseling center. The second, Julie G., was also single and the director of a before-and-after-school child-care center. Julie G. was excused as an alternate after the regular panel was sworn. After she was excused, counsel for Perez's codefendant asked to approach the bench and a side bar conference was held off the record. Thereafter, voir dire resumed, two alternate jurors were selected and sworn, and the court dismissed the jury venire.

Before the giving of opening statements, the court asked if anything needed to be discussed on the record. Perez's attorney responded, "[w]e have

the *Wheeler* motion." Perez's attorney argued the prosecution excused Elizabeth C. and Julie G. on the basis of their ethnicity and for no other reason. He stated, "there didn't seem to be any reason at all, anything objectionable about [them]" and "a number of other jurors were probably more objectionable from a prosecution standpoint and [the prosecutor] consistently passed on a number of other jurors." The prosecutor argued there was no prima facie showing of group bias and pointed out the attorney for Perez's codefendant had also excused an Hispanic surnamed juror, and that one of the victims was an Hispanic police officer. The court denied the motion, finding there was no prima facie showing the jurors were excused because of their group association.

## A. *Waiver*

■ "If a party believes his opponent is using his peremptory challenges to strike jurors on the ground of group bias alone, he must raise the point in timely fashion and make a prima facie case of such discrimination to the satisfaction of the court." (*People* v. *Wheeler, supra,* 22 Cal.3d at p. 280.) " '[I]t is necessary that a *Wheeler* objection be made at the earliest opportunity during the voir dire process,' " and an objection first raised after the jury and alternates have been sworn is untimely. (*People* v. *Thompson* (1990) 50 Cal.3d 134, 179, fn. 19 [266 Cal.Rptr. 309, 785 P.2d 857]; *People* v. *Ortega* (1984) 156 Cal.App.3d 63, 69 [202 Cal.Rptr. 657].) ■ Here, the first time an objection under *Wheeler* appears in the record is when Perez's attorney made his motion *after* the jury and alternates had been sworn and the jury venire had been dismissed. Accordingly, Perez's *Wheeler* motion was untimely.

Perez contends a *Wheeler* objection was made after the second Hispanic juror was excused, but that this objection was off the record. We note that a party making a *Wheeler* objection "should make as complete a record of the circumstances as is feasible." (*People* v. *Wheeler, supra,* 22 Cal.3d at p. 280.) Moreover, even if we were to accept Perez's version of the facts that there was a timely objection, Perez failed to make a prima facie case of discrimination.

## B. *Prima Facie Case*

Perez was required to establish "the persons excluded [were] members of a cognizable group" and "a strong likelihood that such persons [were] being challenged because of their group association rather than because of any specific bias." (*People* v. *Wheeler, supra,* 22 Cal.3d at p. 280.) ■ Where, as here, the trial court denies a *Wheeler* motion without finding

a prima facie case of group bias, we consider the entire record of voir dire. (*People* v. *Howard* (1992) 1 Cal.4th 1132, 1155 [5 Cal.Rptr.2d 268, 824 P.2d 1315].) "As with other findings of fact, we examine the record for evidence to support the trial court's ruling. Because *Wheeler* motions call upon trial judges' personal observations, we view their rulings with 'considerable deference' on appeal. [Citations.] If the record 'suggests grounds upon which the prosecutor might reasonably have challenged' the jurors in question, we affirm. [Citation.]" (*People* v. *Howard, supra,* 1 Cal.4th at p. 1155.)

 The People argue Perez was required to establish the two challenged jurors were in fact Hispanic and did not just have Hispanic surnames. This is incorrect. Perez satisfied the "cognizable class" prong of *Wheeler* by showing that the excused jurors had Hispanic surnames. (*People* v. *Trevino* (1985) 39 Cal.3d 667, 686 [217 Cal.Rptr. 652, 704 P.2d 719], disapproved on other grounds in *People* v. *Johnson* (1989) 47 Cal.3d 1194, 1219-1222 [255 Cal.Rptr. 569, 767 P.2d 1047].)

However, we conclude Perez failed to establish a prima facie case of discrimination because he failed to show a strong likelihood that Elizabeth C. and Julie G. were excused because of their group association rather than because of any specific bias. First, these jurors shared characteristics other than their Hispanic surnames. (*People* v. *Wheeler, supra,* 22 Cal.3d at p. 280.) These shared characteristics also suggest grounds upon which the prosecutor may have challenged the two jurors. (*People* v. *Howard, supra,* 1 Cal.4th at p. 1155; *People* v. *Wheeler, supra,* 22 Cal.3d at p. 280.) Both were single and worked in the social services or caregiving fields. Elizabeth C. was the office administrator of a counseling center and Julie G. was the director of a before-and-after-school child-care center. In particular, the prosecutor excused several other jurors with occupations in similar fields. He excused three elementary schoolteachers, one elementary school librarian, and a person who worked with the developmentally disabled. Finally, we note that one of the victims in the case was an Hispanic police officer. (See *People* v. *Christopher* (1991) 1 Cal.App.4th 666, 672 [2 Cal.Rptr.2d 69].) Accordingly, even if Perez made a timely *Wheeler* objection, substantial evidence supports the court's finding that there was no prima facie showing of improper group bias.

II-VI*

· · · · · · · · · · · · · · · · · · · · · · ·

*See footnote 1, *ante,* page 1310.

## DISPOSITION

The judgment is affirmed.

Benke, Acting P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 18, 1996. Mosk, J., was of the opinion that the petition should be granted.